648 A.2d 1136

IN THE MATTER OF PASSAIC COUNTY HEALTH DEPARTMENT CEHA CERTIFICATION AND DELEGATION OF AUTHORITY.

Superior Court of New Jersey
Appellate Division

Argued August 29, 1994—Decided September 7, 1994.

Before Judges BROCHIN and KESTIN.

*Frank Covello*, Assistant Corporation Counsel, argued the cause for appellant City of Paterson (*Susan E. Champion*, Corporate Counsel, attorney; *Mr. Covello*, on the brief).

*Deirdre Scudellari*, Deputy Attorney General of New Jersey, argued the cause for respondent Department of Environmental Protection and Energy (*Mary C. Jacobson*, Assistant Attorney General, attorney; *Ms. Scudellari*, on the brief).

*James Convery*, Deputy County Counsel, argued the cause for respondent County of Passaic (*Raymond P. Vivino*, Passaic County Counsel, attorney; *Mr. Gloven*, on the brief).

The opinion of the court was delivered by

BROCHIN, J.A.D.

Pursuant to *N.J.S.A.* 26:3A2–28 of the County Environmental Health Act, *N.J.S.A.* 26:3A2–21 to –33, the Acting Commissioner of the Department of Environmental Protection and Energy ("DEPE") issued a final order certifying the Passaic County Health Department as the local health agency to which she delegated the authority to implement and enforce various specifi-

cally enumerated environmental statutes throughout the county.[1] The City of Paterson, which is located in Passaic County, has appealed from that order, contending that, pursuant to *N.J.S.A.* 26:3A2–33, its Division of Health should have been certified as the agency authorized to implement and enforce the environmental statutes within the City of Paterson.

In its appeal from the Commissioner's order, the City of Paterson argues that the Commissioner's delegation of authority to the County, and her refusal to delegate it to the City, are based upon a misconstruction of *N.J.S.A.* 26:3A2–33 and constitute an abuse of discretion. We disagree.

The County Environmental Health Act proclaims in part the following legislative findings and statement of public policy:

The Legislature finds that environmental health programs for the control of air pollution, solid waste, hazardous waste, noise, pesticides, radiation, and water pollution and to protect workers and the public from hazardous substances and toxic catastrophes are inherently regional in nature and that the existing county health departments have experience administering environmental health programs on a regional basis and that they are among the most efficient health units in the State.

*The Legislature, therefore, declares that it is the policy of this State to provide for the administration of environmental health services by county departments of health throughout the State in a manner which is consistent with certain overall performance standards to be promulgated by the Department of Environmental Protection [and Energy].*

[*N.J.S.A.* 26:3A2–22. Emphasis added, footnote omitted.]

To implement this legislatively declared policy, the Act provides that, in every county, the "county department of health established ... with the purpose of providing environmental health

[1] *N.J.S.A.* 26:2C–1 to –25 (Air Pollution Control Act (1954)); *N.J.S.A.* 13:1G–1 to 23 (Noise Control Act); *N.J.S.A.* 58:10A–1 to –60 (Water Pollution Control Act); *N.J.S.A.* 58:12A–1 to –25 (Safe Drinking Water Act); *N.J.S.A.* 58:11–23 to –45 (The Realty Improvement Sewerage and Facilities Act (1954)); *N.J.S.A.* 58:11–9.1 to –9.11 (An Act to protect the purity of public supplies of potable waters); *N.J.S.A.* 58:4A–4.1 to –28 (An Act concerning diversion of subsurface and percolating waters); *N.J.S.A.* 13:1E–1 to –207 (Solid Waste Management Act); *N.J.S.A.* 58:10–23.11g(c)(1) (Strict liability for cleanup and removal costs and direct and indirect damages of hazardous substances); *N.J.S.A.* 26:3A2–35 (Environmental Quality and Enforcement Fund).

programs throughout the county," *N.J.S.A.* 26:3A2–23, is directed to

> provide environmental health services, which meet the performance and administrative standards authorized in [*N.J.S.A.* 26:3A2–28] for the territorial area of the county ..., provided, however, that such environmental health services shall be provided by any municipal or regional health agency certified by the Commissioner of Environmental Protection [and Energy] pursuant to [*N.J.S.A.* 26:3A2–33] within its area of jurisdiction.
>
> [*N.J.S.A.* 26:3A2–24. Footnotes omitted.]

In view of the Legislature's express findings and declaration of policy, the situation contemplated by the proviso, *i.e.*, the provision of environmental health services by a municipal or regional health agency, is clearly intended to be an exception to the general rule of provision of such services by the county.

*N.J.S.A.* 26:3A2–28 and –33 provide criteria for the Commissioner's decision whether to certify the City of Paterson as the local health agency to which authority will be delegated to implement and enforce environmental health laws within its territorial jurisdiction. *N.J.S.A.* 26:3A2–28 states in part that

> In determining whether to delegate authority to administer all or a portion of any program, or whether a certified local health agency has the capability or determination to assume or retain delegation of program administration, the commissioner shall consider:
>
> (1) The consistency of the delegation with applicable federal or State Law;
>
> (2) The probable effects of the delegation on the effectiveness and efficiency of program administration, and the need for uniform program administration;
>
> (3) The availability of technical expertise, adequate staff levels and other resources needed to adequately perform program administration.

*N.J.S.A.* 26:3A2–33 states in part:

> Any municipal or regional health agency authorized by [*N.J.S.A.* 26:3A2–1 to –20], which is presently providing environmental health services which meet the standards of performance and of procedure and which is willing to coordinate its environmental health programs with those of its neighbors by implementing the work program of the county department, *may petition the Commissioner of Environmental Protection [and Energy] for certification* and upon certification become the authorized local government for the performance of environmental health services within its jurisdiction.
>
> *The Commissioner of Environmental Protection [and Energy] shall certify any municipal or regional health agency* as the authorized local government for the performance of environmental health services within its jurisdiction, when he finds

that the petitioning health agency provides and will continue to provide a complete program of environmental health services which meet the standards of performance and of procedure as indicated in the work program of the county department. The Commissioner of Environmental Protection shall periodically review the certification of each such health agency to determine whether or not it should be continued.

[Emphasis added.]

The following factual background, recited in the Commissioner's order from which the City of Paterson has appealed, is relevant to our determination whether the order was entered contrary to law or constitutes an abuse of discretion. Passaic County submitted a work program to the DEPE. That work program was intended to show the Department that the County possessed the resources and competence necessary to implement and enforce the various environmental laws and programs which it sought to administer pursuant to the County Environmental Health Act. The County's work program stated that the County would rely on the Paterson Division of Health, acting as the County's agent, to provide certain environmental health services throughout the county. On the basis of that work program, the DEPE certified the Passaic County Health Department as the competent local health agency for the provision of environmental services, and the DEPE delegated the requisite authority to the County. Thereafter, the County told the DEPE that its agreement with Paterson was about to expire and that the County itself would provide all environmental health services. The DEPE requested a new work program from the County showing how services were to be provided without Paterson's participation. The County submitted a new work program, which included an agreement with the sheriff's office for emergency response and with the Passaic County Utilities Authority for solid waste enforcement services. The work program also provided for the transfer to the County, pursuant to *N.J.S.A.* 26:3A2–30,[2] of City employees engaged in

---

2 Each person, who shall have been employed by a local health agency, including a regional health commission formed for the provisions of air pollution services, and whose employment by such agency shall have been terminated by

providing environmental services. Upon review of this new work program, the DEPE concluded that the Passaic County Health Department satisfied the pertinent administrative and performance standards, that the delegation of authority as set forth in the Commissioner's order was consistent with *N.J.S.A.* 26:3A2–28, and that the work program showed the ability and willingness of the County Health Department to implement the delegated programs in accordance with federal and State law and in a manner that would complement, and not duplicate, the DEPE's activities.

In the appeal before us, the City has not disputed the County's right to terminate the agreement pursuant to which the City acted as the County's agent throughout Passaic County. The sole question on appeal is therefore whether the DEPE abused its discretion or violated the law by refusing to exclude Passaic County from providing environmental services in the part of the county that is within the City of Paterson, and by refusing to certify the City to provide those services within its boundaries.

Certifying Paterson as the local health agency to provide environmental health services within its territory would have been contrary to the wishes of the Passaic County Health Department and to its work program. Under these circumstances, *N.J.S.A.* 26:3A2–28(b) required the Commissioner of the DEPE to consider whether delegation of authority for environmental health services to Paterson would be consistent with State law and with "the need for uniform program administration," and what the "probable effects of delegation [would be] on the effectiveness and efficiency of program administration." The legislative findings and declaration set forth in *N.J.S.A.* 26:3A2–22 imply that, unless some other provision of the Act mandated certification of the City, denial of Paterson's request for certification was proper.

---

reason of the assumption of its activities and responsibilities by a county department pursuant to this act, shall be transferred to such county department pursuant to the conditions contained in

[*N.J.S.A.* 26:3A2–16 to –18].

*N.J.S.A.* 26:3A2–33, upon which the City places its principal reliance, does not require certification of Paterson as the local health agency for the provision of environmental health services. The City does not meet the requirements of the mandatory, third paragraph of that section. The controlling sentence of that paragraph states,

> The Commissioner of Environmental Protection shall certify any municipal or regional health agency as the authorized local government for the performance of environmental health services within its jurisdiction, when he finds that the petitioning health agency provides and will continue to provide a complete program of environmental health services which meet the standards of performance and of procedure as indicated in the work program of the county department.
>
> [*N.J.S.A.* 26:3A2–33.]

The direction contained in that sentence is, by its terms, applicable only when the work program of the county within which the petitioning municipal or regional health agency is located indicates the county's concurrence in the local government's request for certification. As we have mentioned, Passaic County's work program is inconsistent with Paterson's request to provide environmental health services within the City.

The order appealed from is therefore affirmed.